**GOLDEN'S CONCRETE COMPANY, Golden Gravel Company, Golden Construction Company, and United Companies of Mesa County, Inc., Plaintiffs–Appellants and Cross–Appellees,**

v.

**STATE of Colorado; Gale Norton, in her official capacity as Attorney General; Department of Revenue for the State of Colorado; Renny Fagan, in his official capacity as Executive Director, Department of Revenue of the State of Colorado; Dee Hartman, in his official capacity as Director, Division of Motor Vehicles, Larry D. Huls, in his official capacity as Assistant Director, Division of Motor Vehicle; Jean Gouin, in her official capacity as Program Administrator, Division of Motor Vehicles; and Jaki Berry, in her official capacity as Administrative Officer, Motor Carrier Services, Division of Motor Vehicles, Defendants–Appellees and Cross–Appellants.**

No. 95CA0069.

Colorado Court of Appeals,
Div. IV.

June 13, 1996.

As Modified on Denial of Rehearing
July 25, 1996.

Certiorari Granted June 9, 1997.

King & Isaacson, Scott E. Isaacson, Salt Lake City, Utah; Hutchison, Neider, Ward & King, Richard C. Hutchison, Murray, Utah, for Plaintiffs–Appellants and Cross–Appellees.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mark W. Gerganoff, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees and Cross–Appellants.

## OPINION

Opinion by Judge TAUBMAN.

In this action challenging the state's implementation of a 1989 statute concerning the collection of truck registration fees from intrastate motor vehicle carriers, plaintiffs, Golden's Concrete Company, Golden Gravel Company, Golden Construction Company, and United Companies of Mesa County, Inc., appeal the trial court's judgment of dismissal against them for failure to exhaust administrative remedies. Defendants, the State of Colorado, its Department of Revenue, and various named individual defendants sued in their official capacities as elected or appointed Colorado officials (collectively the Department), cross-appeal the trial court's order denying their request for attorney fees. We reverse as to plaintiffs' appeal, affirm as to the cross-appeal, and remand for further proceedings.

Plaintiffs, owners of trucks used in intrastate commerce, licensed their vehicles with the State of Colorado in December 1989. Those licenses expired the following year and had to be renewed in December 1990. In early 1992, the Department sent plaintiffs a letter demanding additional fees for the licenses they had obtained in December 1989. The Department's process of attempting to recover higher fees for this period has become known as "backbilling."

The backbilling here occurred as a result of the General Assembly's implementation of Senate Bill 159, which eliminated the gross ton-mile tax on trucks and increased the registration fee from a flat $22.50 per vehicle to a range of fees calculated according to the weight of the vehicle and its annual mileage in Colorado. *See* Colorado Session Laws 1989, ch. 356, § 42–3–123 at 1583; *Riverton Produce Co. v. State,* 871 P.2d 1213 (Colo. 1994); *Buckley Powder Co. v. State,* 924 P.2d 1133 (Colo.App. 1996).

However, because the vehicle information for intrastate trucks was not available as of December 1989, the Department was unable to generate a bill for such trucks reflecting the new fees in effect as of January 1, 1990. Accordingly, it determined that, as a temporary measure, the lower 1989 fees would be charged to those intrastate carriers whose licenses expired in December 1989, until such time as the information was available to backbill those carriers for the difference between the 1989 and 1990 rates.

Although this approach created a short-term, one-time disparity in the statute's application between the interstate and intrastate carriers, that disparity was effectively eliminated when the Department backbilled all but two of the intrastate carriers with December expiration dates for the higher 1990 registration fees. *See Riverton Produce Co. v. State, supra* (noting in dictum that the backbilling procedure was a reasonable approach by the Department, unrelated to economic protectionism, intended to eliminate this disparity).

In January 1993, the Department orally advised at least some plaintiffs that they would not be able to renew their licenses for 1993 until the backbilled amounts had been paid. Thereafter, plaintiffs commenced this action seeking injunctive and declaratory relief, as well as refunds of the amounts collected in the backbilling program.

Plaintiffs brought this case as a class action, on behalf of themselves and approximately 600 intrastate truck owners who also had December 1989 expiration dates.

Shortly after the complaint was filed, the trial court denied plaintiffs' request for a preliminary injunction on the ground that there was an adequate remedy at law insofar as the Department promised to refund any backbilled amounts collected if plaintiffs prevailed in their legal arguments.

The Department then filed a motion to dismiss the complaint arguing that plaintiffs had failed to exhaust their administrative remedies and that, therefore, the district court lacked jurisdiction. The trial court agreed and dismissed plaintiffs' amended complaint for lack of jurisdiction.

Subsequently, the trial court denied the Department's request for attorney fees under both § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A), and § 13–17–201, C.R.S. (1987 Repl.Vol. 6A).

## I. Exhaustion of Administrative Remedies

On appeal, plaintiffs contend that the trial court erred in determining that exhaustion of their administrative remedies was necessary prior to judicial review. We agree.

### A. Characterization of Proceedings

■ Initially, the Department contends that because plaintiffs, as a practical matter, are challenging a denial of the renewal of their *1993* licenses, plaintiffs were required to request an administrative hearing pursuant to § 24–4–104(7), C.R.S. (1988 Repl.Vol. 10A). Plaintiffs, on the other hand, maintain that they were not required to initiate any administrative proceedings under the Administrative Procedure Act (APA), § 24–4–101, et seq., C.R.S. (1988 Repl.Vol. 10A) until such time as they received formal denial of their license renewal requests. We agree with plaintiffs.

Section 24–4–104(7) provides in pertinent part that in any case in which a licensee has timely applied for a license renewal, the existing license shall not expire until such application has been finally acted upon by the agency and, if the application is denied, it shall be treated in all respects as a revocation. Section 24–4–104(3), C.R.S. (1988 Repl. Vol. 10A) provides in turn that no revocation shall be lawful unless, before institution of agency proceedings therefor, the agency has given the licensee notice in writing of facts or conduct that may warrant such action and afforded the licensee opportunity to submit written data, views, and arguments relating to such facts or conduct.

Here, there is no evidence in the record that the Department ever sent written notices to plaintiffs or putative class members that their 1993 licenses would not be renewed until they paid the amounts that were alleged to be due under the backbilling procedure. Significantly, plaintiffs' amended complaint does not state any claim based upon the Department's failure to renew their 1993 licenses. Rather, the gravamen of the amended complaint is a challenge to the backbilling procedures themselves, focusing on the letters sent to plaintiffs in early 1992 advising them of the amounts the Depart-

ment claimed were due under the backbilling procedure.

Hence, insofar as any administrative agency procedure was applicable, we conclude that none was triggered here under the theory that the Department had denied plaintiffs' request to renew their 1993 licenses.

Insofar as the Department maintains that plaintiffs were required to exhaust some administrative procedure, such as requesting declaratory relief pursuant to § 24–4–105(11), C.R.S. (1988 Repl.Vol. 10A), we consider plaintiffs' arguments that such procedures should be excused here.

### B. Presence of Legal Issues

Plaintiffs assert that because the complaint raises only questions of law, and no factual issues need be resolved, the exhaustion requirement should be excused. We agree.

■ The general rule is that where administrative remedies are provided, they must be exhausted before judicial relief may be sought. *Downey v. Department of Revenue,* 653 P.2d 72 (Colo.App.1982). Although a plaintiff's failure to exhaust administrative remedies can in many cases deprive the courts of jurisdiction to grant relief, *Gramiger v. Crowley,* 660 P.2d 1279 (Colo.1983), the exhaustion doctrine is not absolute. *Patel v. Thomas,* 793 P.2d 632 (Colo.App.1990).

The principal policies underlying the exhaustion doctrine are to prevent premature interference with agency processes; to afford the parties and the courts the benefit of its experience and expertise; and to compile a record that is adequate for judicial review. *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Moschetti v. Liquor Licensing Authority,* 176 Colo. 281, 490 P.2d 299 (1971).

However, these policies becomes less persuasive when existing administrative remedies are ill-adapted to providing the relief sought, and when the matter in controversy raises questions of law not within the agency's expertise rather than issues committed to administrative discretion and expertise. *See McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (exhaustion not required where the resolution of the

issues does not require any particular expertise on the part of the agency and not a matter of discretion); *Hamilton v. City & County of Denver,* 176 Colo. 6, 490 P.2d 1289 (1971) (no administrative appeal to the manager of revenue necessary because claims were legal as opposed to factual and therefore outside his expertise); *but see Kendal v. Cason,* 791 P.2d 1227 (Colo.App.1990).

■ Further, as to claims that challenge the constitutionality of an administrative procedure, a plaintiff need not pursue administrative remedies. *See Fred Schmid Appliance & Television Co. v. Denver,* 811 P.2d 31 (Colo.1991).

■ Here, plaintiffs' complaint included allegations that the process of backbilling only those intrastate carriers with licenses that expired in December 1989 violated their right to equal protection; that the applicable statute of limitations had run before the Department's backbilling occurred; and that the retroactive nature of backbilling violated Colo. Const. art. II § 11. In our view, exhaustion of administrative remedies for these claims is unnecessary.

The issues of the applicable statute of limitations and of retroactivity are purely questions of law not within the agency's expertise.

As to the statute of limitations issue, plaintiffs maintain that pursuant to § 13–80–102(1)(i), C.R.S. (1987 Repl.Vol. 6A), actions under the APA to modify licenses must be commenced within two years and, thus, were barred here in that they occurred over two years after the original December 1989 licensing. The Department, however, argues that the three year statute of limitations provided in § 39–21–107, C.R.S. (1987 Repl. Vol. 6A) should apply. Thus, a question of law is presented.

Also, plaintiffs specifically assert that the language in Colo. Const. art. II, § 11, which prohibits the enactment of a law "retroactive in its operation," precludes the retroactive backbilling in the instant case. Again, plaintiffs raise a question of law.

Inasmuch as these legal issues are not within the agency's expertise or discretion, and the relevant facts are undisputed, we conclude that the policies underlying the requirement of exhaustion of administrative remedies would not be served by requiring the filing of individual claims before the Department.

In addition, plaintiffs have filed this matter as a class action. If a class is certified, the principles of administrative and judicial efficiency would not be served by having each class member attempt to exhaust his or her claims before the Department. *See Hamilton v. City & County of Denver, supra* (requiring exhaustion of administrative remedies by individuals involved in class action would not further the efficient administration of justice when purely legal issues presented and agency expertise would not be helpful in resolving them); see also *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (presence of factual differences among class members does not compel exhaustion of administrative remedies, given legal dispute concerning undisclosed agency procedure).

### C. Futility

With respect to plaintiffs' assertion that the Department's procedure in effecting the backbilling of intrastate truckers violated their due process rights, we conclude that further appeal to the Department would have been futile.

■ Pursuing administrative remedies may not be required when it seems "clear beyond a doubt that the relevant administrative agency will not grant the relief in question." *State of Colorado v. Veterans Administration,* 430 F.Supp. 551, 558 (D.Colo.1977); *Kuhn v. State,* 817 P.2d 101 (Colo.1991) (exhaustion not required where it would be futile in light of Revenue Department's publicly stated position declining to rule on issue until a court had so ruled).

As one authority has noted: "All other things equal, a court should be more willing to excuse a petitioner's failure to exhaust if the court already has available the results of any agency factfinding on application of expertise relevant to the merits issue the court is asked to resolve." K. Davis & R. Pierce, Jr., *Administrative Law Treatise* § 15.2 (3d ed. 1994). *See Honig v. Doe,* 484 U.S. 305,

108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (exhaustion not required when it would be futile or inadequate); *Weinberger v. Salfi, supra; Vikman v. International Brotherhood of Electrical Workers,* 889 P.2d 646 (Colo.1995) (requirement of exhaustion of internal union procedures for resolution of intra-union disputes may be excused by court where such exhaustion would be futile).

 The record reveals that at the time the plaintiffs filed their complaint, the Department had already taken a final position on the issue of backbilling. It rejected an administrative protest filed by another intrastate truck owner, a putative class member, based on an amount that company had been backbilled for three vehicles it registered in December 1989 for intrastate travel. Importantly, that protest involved the same due process issue raised by plaintiffs here, as well as a challenge to the propriety of backbilling.

In its decision, the Department rejected the intrastate trucker's due process claims. Relying in part on *Riverton Produce Co. v. Colorado, supra,* the Department further concluded that a carrier may be legally backbilled in circumstances such as those presented in the instant case. The Department relied upon dictum in *Riverton* that backbilling was an appropriate method to deal with the disparity in 1990 registration fees between interstate and intrastate truckers. Thus, that administrative decision constituted a formal and final determination by the Department rejecting due process challenges to its backbilling procedures.

Accordingly, we conclude that it would have been futile for plaintiffs to raise the due process issues again before the Department. *See Kuhn v. Department of Revenue, supra; see also Jackson v. State of Colorado,* 294 F.Supp. 1065 (D.Colo.1968).

## II. Attorney Fees

The Department contends on cross-appeal that the trial court erred in its denial of attorney fees under § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A) and § 13–17–201, C.R.S (1987 Repl.Vol. 6A). Based on our reversal of the trial court's order above, we affirm the denial of attorney fees. *See Bear Creek Development Corp. v. Dyer,* 790 P.2d 897 (Colo.App.1990) (award of attorney fees not appropriate where dismissal of action is reversed on appeal).

The judgment of dismissal is reversed. The order denying attorney fees is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

DAVIDSON and BRIGGS, JJ., concur.