STATE of Colorado; Gale Norton, in her official capacity as Attorney General of the State of Colorado; Department of Revenue of the State of Colorado; Renny Fagan, in his official capacity as Executive Director, Department of Revenue; Dee Hartman, in his official capacity as Director, Division of Motor Vehicles, Department of Revenue; Larry D. Huls, in his official capacity as Assistant Director, Motor Vehicle Division, Department of Revenue; Jean Gouin, in her official capacity as Program Administrator, Motor Vehicle Division, Department of Revenue; and Jaki Berry, in her official capacity as Administrative Officer, Motor Carrier Services, Motor Vehicle Division, Department of Revenue, Petitioners,

v.

GOLDEN'S CONCRETE COMPANY; Golden Gravel Company; Golden Construction Company; and United Companies of Mesa County, Inc., Respondents.

No. 96SC568.

Supreme Court of Colorado,
En Banc.

May 18, 1998.

As Modified on Denial of
Rehearing June 22, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney, General Richard A. Westfall, Solicitor General, Paul Farley, Deputy Attorney General, David Kaye, First Assistant Attorney General, Mark W. Gerganoff, Assistant Attorney General, State Services Section Denver, for Petitioners.

King & Isaacson, Scott E. Isaacson, Salt Lake City, Utah, Hutchison Neider Ward & King, Richard Hutchison, Murray, Utah, for Respondents.

Justice BENDER delivered the Opinion of the Court.

The petitioners—the State of Colorado, the Department of Revenue, and various individuals in their official capacities (collectively, "the Department")—appeal the court of appeals' decision reversing the district court's dismissal of a complaint filed by the respondents, Golden's Concrete Company ("Golden's"),[1] for lack of jurisdiction due to the failure to exhaust administrative remedies. *See Golden's Concrete Company v. State*, 937 P.2d 789, 792 (Colo.App.1996). The Department also appeals the court of appeals' deter-

mination that the Department is not entitled to attorney fees pursuant to section 13–17–201, 5 C.R.S. (1997). *See id.* at 794.

With respect to all but one claim for relief in the amended complaint ("the state law claims"), we reverse the court of appeals on the jurisdictional issue and hold that the district court properly dismissed the complaint since Golden's failed to exhaust its administrative remedies. With respect to the one remaining claim, a civil rights claim brought under 42 U.S.C. § 1983, we reverse the court of appeals and hold that dismissal of this claim is also appropriate, but for a different reason. The doctrine of comity bars a claim for relief under 42 U.S.C. § 1983 under these facts. We hold that 42 U.S.C. § 1988 preempts Colorado's attorney fees statute, section 13–17–201, with respect to the award of attorney fees to a prevailing defendant on a section 1983 claim. The district · court did not apply the appropriate standard when it denied the Department's motion seeking attorneys fees as a result of the dismissal of the section 1983 claim. We return this case to the court of appeals with directions to remand it to the district court for dismissal and for a determination of whether the Department is entitled to an award of attorney fees as the prevailing defendant in a section 1983 claim under the standards set forth in 42 U.S.C. § 1988.

I.

The Colorado Department of Revenue assesses an annual registration fee upon all commercial motor vehicles in Colorado. *See* § 42–3–134(13), 11 C.R.S. (1997). In 1989, the General Assembly changed the Department's registration scheme, resulting in increased registration fees.[2] Although the change became effective on January 1, 1990, the Department was unable to convert its billing system to implement the new fee

---

1. The other named respondents are Golden Gravel Company, Golden Construction Company, and United Companies of Mesa County, Inc. The respondents sought class certification in the district court, claiming that they represent a class of similarly situated motor vehicle carriers.

2. Before 1990, all commercial motor vehicles were required to pay a flat $22.50 registration

fee and a gross ton-mile tax. In 1989, the General Assembly passed Senate Bill 159, which repealed the gross ton-mile scheme and increased the registration fee from a flat fee to one calculated according to the weight of the vehicle and its annual mileage in Colorado. *See* §§ 42–3–134(13)(b) & (b.3), 11 C.R.S. (1997).

schedule for all carriers. As a temporary measure, the Department charged interstate carriers the new higher registration fees, but charged intrastate carriers the lower 1989 fees until it was able to identify and calculate the new fees for the intrastate carriers. After the Department made the new calculations for the intrastate carriers, it billed them for the amounts owed. This process, known as "backbilling," began in 1992.

That year, the Department backbilled Golden's through several letters requesting additional registration fees. The letters did not describe the procedures for disputing the bills, but did provide a telephone number to call with any questions. Golden's refused to pay these bills. The Department responded by assessing penalties and interest and by refusing to issue 1993 licenses to Golden's until it paid the disputed fees.

On January 21, 1993, Golden's filed suit against the Department in Denver District Court. The amended complaint requested class certification and asserted that the Department's backbilling violated due process protections embodied in the Colorado Administrative Procedure Act ("APA"),[3] equal protection,[4] 42 U.S.C. § 1983,[5] and ex post facto principles.[6] Golden's also requested attorney fees and costs under 42 U.S.C. § 1988.[7] Golden's paid the contested registration fees after it sought but was denied a preliminary injunction directing the Department to accept the 1993 application for registration renewal.

The Department filed a motion to dismiss under C.R.C.P. 12(b) for lack of jurisdiction, arguing that Golden's failed to exhaust its administrative remedies. The Department also requested attorney fees and costs under section 13–17–201, 5 C.R.S. (1997), and alternatively under sections 13–17–101 to –106, 5 C.R.S. (1997).[8] Golden's countered that it was not required to exhaust its administrative remedies because of various exceptions to the exhaustion doctrine.

On October 13, 1994,[9] the district court granted the Department's motion to dismiss for lack of jurisdiction on the grounds that Golden's failed to exhaust its administrative remedies. However, the district court denied the Department's motion for attorney fees and costs, stating that attorney fees were not appropriate since Golden's proceed-

---

**3.** Golden's contended that the Department deprived it of due process by modifying Golden's registration without notice and opportunity for a hearing as required by sections 24–4–104 and 24–4–105, 7 C.R.S. (1997).

**4.** Golden's requested an injunction preventing further backbilling and a refund plus interest for all backbilled amounts because the Department charged higher fees to those who registered in December, but not to those who registered in any other month in 1989.

**5.** 42 U.S.C. § 1983 (1994) provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**6.** Golden's also asserted claims based on waiver, estoppel, res judicata, statute of limitations, and laches, as well as a request for declaratory judgment that the Department lacked statutory authority under Senate Bill 159 to charge fees to

any registrant until the Act went into effect on January 1, 1990.

**7.** 42 U.S.C. § 1988(b) (1994) provides in pertinent part:

In any action or proceeding to enforce a provision of section[] ... 1983 ... of this title ... the court, in its discretion, may allow the prevailing party ... reasonable attorney's fees as part of the costs.

**8.** The Department's request for attorney fees under sections 13–17–101 to –106 was not preserved on appeal.

**9.** The delay between the filing of the complaint and the dismissal occurred because the district court held this case in abeyance until entry of this court's final determination in *Riverton Produce Co. v. State*, 871 P.2d 1213 (Colo.1994), which challenged the State's application of the new vehicle registration scheme first to interstate carriers, and then, through the process of backbilling, to intrastate carriers. In *Riverton*, we held that the State's application of Senate Bill 159 did not unconstitutionally discriminate against interstate commerce. In so holding, we did not address the propriety of the State's backbilling procedures, but assumed, for purposes of the opinion, that those procedures were proper. *See id.* at 1222 n. 17.

ed in district court with a "good-faith belief" that the district court possessed jurisdiction over its claims.[10]

Meanwhile, on June 13, 1994, the Department issued a final order in an administrative proceeding concerning backbilled registration fees filed by another intrastate motor carrier, Chenoweth Construction Company. In that order, the executive director of the Department ruled that its backbilling procedures as applied to Chenoweth were consistent with statutory and constitutional due process.

On January 17, 1995, Golden's appealed the district court's dismissal of its complaint to the court of appeals. The court of appeals reversed the district court's dismissal and remanded the case to the district court with directions to consider the merits of the claims. The court of appeals held that Golden's was not required to exhaust its administrative remedies before filing its complaint because the complaint only raised questions of law that did not require agency expertise. The court of appeals also ruled that further appeal to the Department would have been futile based on the Department's recent final determination involving the identical due process issue and the same challenge to the propriety of backbilling involved in the present case. The court of appeals affirmed the district court's order denying attorney fees based on its disposition of the dismissal issue in favor of Golden's. We granted certiorari to review the court of appeals' decision.[11]

## II.

We begin with a discussion of the doctrine of exhaustion of administrative remedies. This doctrine serves as a threshold to judicial review that requires parties in a civil action to pursue available statutory administrative remedies before filing suit in district court. See *Hoffman v. Colorado State Bd. of Assessment Appeals*, 683 P.2d 783, 785 (Colo.

1984); *Moschetti v. Liquor Licensing Auth.*, 176 Colo. 281, 285, 490 P.2d 299, 301 (1971); *Denver–Laramie–Walden Truck Line, Inc. v. Denver–Fort Collins Freight Serv., Inc.*, 156 Colo. 366, 370, 399 P.2d 242, 243 (1965). If the parties fail to satisfy the exhaustion requirement, the district court is without jurisdiction to hear the action. See *Horrell v. Department of Admin.*, 861 P.2d 1194, 1197 (Colo.1993).

A principal objective of the doctrine of administrative remedies is to prevent piecemeal application of judicial relief and to conserve judicial resources. See *id.* The doctrine also enables the agency to make initial determinations on matters within its expertise and to compile a record that is adequate for judicial review. See *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Finally, the doctrine affords an agency the opportunity to correct its own errors, thus minimizing the risk of judicial intervention in the administrative process and preserving the agency's autonomy. See *Collopy v. Wildlife Comm'n*, 625 P.2d 994, 1006 (Colo.1981).

The doctrine of exhaustion of administrative remedies is subject to limited exceptions. For instance, a court may determine that exhaustion is unnecessary "when the matter in controversy raises questions of law rather than issues committed to administrative discretion and expertise." *Id.* Another exception applies when it is "clear beyond a reasonable doubt" that further administrative review by the agency would be futile because the agency will not provide the relief requested. *Colorado v. Veterans Admin.*, 430 F.Supp. 551, 558 (D.Colo.1977); see also *Kuhn v. Department of Revenue*, 817 P.2d 101, 104 (Colo.1991) (stating that the plaintiffs need not wait until their refund claims are denied since the Department of Revenue has already publicly stated its position that it

10. Although the district court did not cite a specific statutory provision, given the "good faith" language, it appears that the district court's ruling was not based on section 13–17–201, which is mandatory, but rather on sections 13–17–101 to –106, which have been interpreted to include a "good faith" exception. See *SaBell's, Inc. v. City of Golden*, 832 P.2d 974, 978 (Colo.App.1991).

11. The issues on certiorari are as follows:
(1) Whether a challenge to an uncodified agency procedure for implementing a recently enacted law is factual in nature, requiring the exhaustion of administrative remedies.
(2) Whether section 13–17–201, 5 C.R.S. (1997), mandates an award of reasonable attorney fees on the record in this case.

will not rule on any claims until a court has decided this issue). In class actions, the unnamed class members need not exhaust administrative remedies so long as the named class plaintiff does so. *See* 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 5.15, at 5–18 (3d ed.1992).

■ The court of appeals held that Golden's is exempt from the exhaustion requirement because the issues presented in its amended complaint are solely questions of law and do not require factual determinations. However, our reading of the complaint reveals that Golden's raises at least two factual questions. First, Golden's alleged that "[d]efendants have not provided any explanation or justification to the Plaintiffs for additional amounts being billed for 1989 and 1991." In addition, Golden's stated that "[d]efendant's action effectively modifies Plaintiff's registration without providing due process of law as required by and in violation of C.R.S. 24–4–104 and 24–4–105." [12] A resolution of these allegations necessarily requires factual determinations that must be made by the Department. Therefore, we hold that the court of appeals erred in ruling that an absence of factual issues in the complaint rendered Golden's exempt from the exhaustion requirement.

■ The court of appeals held that exhaustion of administrative remedies would be futile because the Department announced its position on this issue in its "Final Determination" in the case involving Chenoweth Construction Company.[13] However, the decision to file a complaint was not based on the outcome in the Chenoweth case because Golden's filed this lawsuit more than a year before that decision was announced. At the time that Golden's filed its complaint in dis-

trict court, Golden's had no reason to believe that an administrative proceeding before the Department would be unsuccessful. Nevertheless, Golden's chose to disregard the exhaustion requirement and file a complaint in district court. We will not excuse Golden's failure to comply with the exhaustion requirement at the time of the filing of the complaint simply because subsequent developments suggest that a proceeding before the Department might be futile. Thus, we hold the court of appeals erred by concluding that Golden's is exempt from the exhaustion requirement on the grounds of futility.

■ Golden's asserts that it is exempt from the exhaustion requirement because two members of the class for which it seeks certification (intrastate motor vehicle carriers) presented their cases to the Department for administrative review.[14] Golden's argues that requiring all of the potential class members to obtain administrative review would amount to a waste of time and resources. However, the class action exception to administrative review does not permit named plaintiffs to avoid the exhaustion requirement. This exception relieves the unnamed members of the class from administrative review when the named plaintiffs satisfy administrative requirements prior to filing suit and applies after the class has been certified by the court under C.R.C.P. 23. *See* Newberg & Conte, *supra*, § 5.15, at 5–18; *cf. Albemarle Paper Co. v. Moody*, 422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) (stating that in the Title VII context, backpay may be awarded on a class basis without exhaustion of administrative procedures by the unnamed class members). Golden's failed to exhaust its administrative remedies and, therefore, is not in a position to repre-

---

**12.** These sections of the APA set forth specific procedures that an agency must follow when attempting to modify a license after its issuance.

**13.** The court of appeals reasoned that "[a]t the time Golden's filed its complaint, the Department had already taken a final position on the issue of backbilling." *See Golden's*, 937 P.2d at 794. Although the court of appeals did not expressly state that this reference was to the Chenoweth decision, the record contains no other references to final determinations regarding backbilling. Therefore, the court of appeals' holding regard-

ing the applicability of the futility exception was likely premised on the mistaken assumption that the Department rendered its final determination in the Chenoweth case before Golden's filed its complaint.

**14.** In addition to Chenoweth Construction Company, one other intrastate trucking company challenged the Department's backbilling procedures through the administrative process. This action culminated in a compromise between the Department and the company.

sent the putative class members. Thus, we reject the argument that its request for class certification exempts Golden's from the exhaustion requirement.

We hold that the exceptions to the exhaustion requirement are inapplicable to the state law claims advanced by Golden's. Thus, with respect to the state law claims, the court of appeals erred in ruling that Golden's need not pursue its administrative remedies before filing its complaint in district court.

### III.

■■■■ The claim filed by Golden's under 42 U.S.C. § 1983 requires a separate analysis.[15] Generally, exhaustion of administrative remedies is not a prerequisite to bringing an action under 42 U.S.C. § 1983. See *Patsy v. Board of Regents,* 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Whether this general rule applies in this case is irrelevant since the section 1983 claim is barred by the doctrine of comity.[16] See *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* 515 U.S. 582, 592, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995) (holding that "[w]hen a litigant seeks declaratory or injunctive relief against a state tax pursuant to § 1983 ... state courts, like their federal counterparts, must refrain from granting federal relief under § 1983 when there is an adequate legal remedy"); *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) (holding that federal courts may not entertain damages actions under section 1983 in state tax cases when state law furnishes an adequate legal remedy). Here, the claim under 42 U.S.C. § 1983 involved a challenge to a state tax, in circumstances where state administrative remedies were available to

Golden's. Thus, under controlling federal case law, the section 1983 claim was properly dismissed by the district court.[17] Hence, the court of appeals erred in reversing the district court's dismissal of the section 1983 claim.

### IV.

Having concluded that the dismissal of all claims brought by Golden's is proper, we turn to the issue of whether the district court erred in denying the Department's motion for attorney fees. The Department asserted that it was entitled to mandatory attorney fees pursuant to section 13–17–201 based on the district court's dismissal of the section 1983 claim.

■■■■ Section 13–17–201 provides for an award of reasonable attorney fees:

> [i]n all actions brought as a result of a death or injury to person or property occasioned by the tort of any person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure.

§ 13–17–201. The intent of the General Assembly in enacting section 13–17–201 was to discourage unnecessary litigation of tort claims. See *Employers Ins. of Wausau v. RREEF USA Fund–II (Colorado), Inc.,* 805 P.2d 1186, 1188 (Colo.App.1991). The statute requires courts to award defendants reasonable attorney fees whenever an entire tort action, but not a single tort claim, is dismissed before trial pursuant to C.R.C.P. 12(b), regardless of whether the action was brought in good faith. See *First Interstate Bank v. Berenbaum,* 872 P.2d 1297, 1302

15. Although Golden's also alleged a violation of state due process rights, its complaint only specified that the Department failed to follow state administrative procedures under sections 24–4–104 and 24–4–105, 7 C.R.S. (1977). Because 42 U.S.C. § 1983 requires deprivation of rights secured by the federal constitution, the allegations of lack of state due process are not encompassed in the sections 1983 claim.

16. The most well-known definition of comity is contained in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), where Justice Black defined the term as a "proper respect for

state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44, 91 S.Ct. 746.

17. The district court dismissed the § 1983 claim due to the failure to exhaust administrative remedies. However, dismissal of the claim is proper because it is barred by the principle of comity.

(Colo.App.1993). Golden's argues that section 13–17–201 does not apply to its section 1983 claim because under federal law the award of attorney fees in section 1983 actions is governed by 42 U.S.C. § 1988, which preempts the operation of section 13–17–201 under the doctrine of federal preemption. We agree with Golden's argument.

We note that federal preemption is grounded in the Supremacy Clause and voids the applicability of a state statute to the extent that the statute conflicts with federal law. *See Brubaker v. Board of County Comm'rs*, 652 P.2d 1050, 1055 (Colo.1982). 42 U.S.C. § 1988 permits a prevailing defendant in a section 1983 suit to recover attorney fees only when the plaintiff's suit "was vexatious, frivolous, or was brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citing H.R.Rep. No. 94–1558, at 7 (1976)). However, Colorado's statute, section 13–17–201, provides for the mandatory award of attorney fees to prevailing defendants upon the court's dismissal of a tort action under C.R.C.P. 12(b). Since section 13–17–201 mandates the award of attorney fees to a prevailing defendant, while 42 U.S.C. § 1988 permits an award of attorney fees to a prevailing defendant in limited circumstances, the Colorado statute conflicts with federal law. *See Moran v. City of Lakeland*, 694 So.2d, 886, 887 (Fla.Dist.Ct. App.1997). Thus, we hold that 42 U.S.C. § 1988 preempts the operation of section 13–17–201 as to the section 1983 claim in this case. We hold that the award of attorney fees to a prevailing defendant in a section 1983 claim brought in Colorado courts is governed by the federal standards contained in 42 U.S.C. § 1988.

Under 42 U.S.C. § 1988, a prevailing defendant may recover fees only upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Anthony v. Baker*, 767 F.2d 657, 659 (10th Cir.1984). The plaintiff's action must be "meritless in the sense that it is groundless or without foundation." *Hughes*, 449 U.S. at 14, 101 S.Ct. 173.

The district court did not address the § 1988 factors in its denial of the Department's motion for attorney fees. The district court's finding that Golden's brought this action with "a good-faith rational belief that this court had jurisdiction to hear the matter" is insufficient under these circumstances to deny an award of attorney fees to the Department under section 1988 as a result of the dismissal of the section 1983 claim. "Good faith is not a special circumstance justifying denial of attorney fees under section 1988." *Anthony v. Baker*, at 667. The district court must make findings as to whether the section 1983 claim was frivolous, vexatious, unreasonable, groundless, or made in bad faith as required by 42 U.S.C. § 1988. The attempt by Golden's to assert a section 1983 claim for damages contravenes controlling precedent and is a factor to consider in determining whether the Department is entitled to an award of attorney fees as a prevailing defendant under 42 U.S.C. § 1988. Hence, we hold that the district court applied the wrong standard in denying an award of attorney fees to the Department as a result of the dismissal of the section 1983 claim.

## V.

To summarize, we hold that the district court lacked jurisdiction to hear the state law claims since Golden's failed to exhaust its administrative remedies before filing in district court. We hold that the claim for damages under 42 U.S.C. § 1983 is barred by the principle of comity and that 42 U.S.C. § 1988 preempts Colorado's attorney fees statute, section 13–17–201, regarding the award of attorney fees to a prevailing defendant on a section 1983 claim. The district court did not apply the appropriate legal standard to the Department's motion for an award of attorney fees resulting from the dismissal of the section 1983 claim. We reverse the court of appeals and we return this case to that court with directions to remand the action to the district court for dismissal and for a determination of whether the Department is entitled to an award of attorney fees as the prevailing

defendant in a section 1983 claim under the standards set forth in 42 U.S.C. § 1988.