**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**April 10, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GARY WEIDNER, III,

    Plaintiff - Appellant,

v.

JANE DOE,

    Defendant - Appellee,

and

KRISTIN AMES, in her individual capacity,

    Defendant.

No. 25-1101
(D.C. No. 1:23-CV-00339-NYW-SBP)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Gary Weidner, III, appeals from the district court's award of attorney's fees under Colo. Rev. Stat. § 13-17-201 to defendant Jane Doe in his suit under 42 U.S.C. § 1983 and Colorado law. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Doe accused Weidner of sexual assault, and Colorado brought criminal charges against him. *See Weidner v. Doe*, No. 24-1145, 2025 WL 1230531, at *1-2 (10th Cir. Mar. 5, 2025). But then the state dismissed the charges mid-trial. *See id.* at *2. Weidner subsequently brought three § 1983 claims and five Colorado-law claims against Doe and an officer involved in the prosecution. *See id.* at *2. The district court dismissed all the claims under Federal Rule of Civil Procedure 12(b)(6), and we affirmed. *See id.* at *1.

After the district court dismissed Weidner's claims, Doe filed a motion for attorney's fees and a separate proposed bill of costs. The district court directed her to file supporting documents for the fee motion. Then the district court's clerk declined to award costs because final judgment had not yet entered. After the entry of final judgment in her favor, Doe filed another proposed bill of costs, and the clerk entered an award of costs.

Weidner did not respond to the fee motion, although the motion was pending for many months. The district court eventually granted the motion in part and awarded Doe fees under § 13-17-201, which provides that a "defendant shall have judgment for his reasonable attorney fees in defending" a tort action that "is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure."[1] § 13-17-201(1).

---

[1] Although § 13-17-201(1) speaks to Colorado's Rule 12(b), we have applied it to dismissals of pendent state-law tort claims under federal Rule 12(b)(6). *See Jones*

2

The court held that Weidner's amended complaint "sound[ed] primarily in tort both quantitatively with respect to the number of claims and qualitatively with respect to the nature of the allegations." Aplt. App. vol. I at 265. But it recognized that § 13-17-201 did not allow a fee award for all of Weidner's claims, as the Colorado Supreme Court has held that 42 U.S.C. § 1988 preempts § 13-17-201 with regard to fees for § 1983 claims. *See State v. Golden's Concrete Co.*, 962 P.2d 919, 926 (Colo. 1998). Consequently, the district court held Doe was entitled to fees for only the five state-law claims. It then conducted a lodestar analysis, reviewing the rates sought and the time expended. Ultimately, the court awarded Doe a total of $39,190 in fees.

Weidner filed a motion for reconsideration, citing both Federal Rule of Civil Procedure 59(e) and 60(b). Pointing out that the clerk had denied Doe's original request for costs as premature, he asserted that the fee motion also was premature. He explained, "Counsel was under the impression that, like the costs request, the Motion for Attorneys Fees would and should be re-raised following the entry of Judgment. Therefore, Counsel did not respond to the premature Motion under the belief that, like the costs issue, it would not be addressed." Aplt. App. vol. I at 281. Asserting that such belief was reasonable, he argued that "[t]his, therefore, could fall into any number of [] reasons for reconsideration including excusable neglect, mistake, and/or inadvertence." *Id.* He then argued that fees under § 13-17-201 were

_____

*v. Denver Post Corp.*, 203 F.3d 748, 757 n.6 (10th Cir. 2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

3

not justified because "the matter did not sound primarily in tort, but in federal and state constitutional violations." *Id.* at 283. He further challenged the district court's apportionment calculations and argued that the amount of fees ordered was unreasonable.

The district court construed Weidner's post-judgment motion as one under Rule 60(b), given that Rule 60(b)(1) allows relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." It rejected the argument that Doe's motion was premature, holding that Federal Rule of Civil Procedure 54(d)(2)(B) barred late fee requests, not early fee requests. Because Doe's motion was timely under the rule, the court found no clear error in allowing fees, and it held that "to the extent Mr. Weidner's counsel decided intentionally not to respond due to a mistake of law, such mistake falls outside the excusable litigation mistakes that may be relieved under Rule 60(b)." Aplt. App. at 301 (internal quotation marks omitted). It further rejected Weidner's challenges to its apportionment of fees and to the number of hours claimed. Finally, the court "acknowledge[d] that Plaintiff disagrees with this Court's decisions to dismiss his claims and award attorney's fees to Ms. [Doe]. But he fails to explain how an award of fees would be unjust or fundamentally unfair in light of Colorado's mandatory fees statute." *Id.* (citation and internal quotation marks omitted). The court thus denied the post-judgment motion.

4

## DISCUSSION

### I.  Denial of Post-Judgment Motion

Weidner opposed Doe's request for fees only in his post-judgment motion for reconsideration, which the district court construed as a Rule 60(b) motion.  Weidner does not challenge that characterization.  We review the denial of a Rule 60(b) motion for abuse of discretion.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  "We will not reverse the district court's decision on a Rule 60(b) motion unless that decision is arbitrary, capricious, whimsical, or manifestly unreasonable."  *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (internal quotation marks omitted).

Weidner's opening brief does not acknowledge that this appeal is from the denial of a post-judgment motion.  Particularly, he fails to address the district court's determination that Rule 60(b) should not relieve him of his counsel's decision not to respond to Doe's motion for fees.[2]  The district court did not err in so concluding. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party. . . .  Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes.").

---

[2] This omission alone supports affirmance.  *See Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020) ("If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling.").

Weidner does contest the decision to award fees and the amount of fees awarded. But his assertions do not establish the district court abused its discretion.

He first argues that § 13-17-201 should not apply because "[t]he 'essence' of this action was for federal constitutional violations under federal statue – 42 U.S.C. § 1983. The state tort claims were either duplicative [of] or tangential to these federal claims." Aplt. Opening Br. at 12. But he chose to plead claims under Colorado law as well as claims under § 1983. And he cites no authority to support his contention that state-law claims are ineligible for fees where they largely overlap with § 1983 claims. He also cites no authority to support his assumption that claims of state constitutional violations that sound in tort do not qualify as tort claims for purposes of § 13-17-201.

Weidner further contends that a fee award in these circumstances is "manifestly unjust," "unthinkable," and "an affront to decency." Aplt. Opening Br. at 19. This argument, however, relies on rhetoric rather than legal principles. Notably, Weidner fails to grapple with the tension the district court noted between his rhetoric and the mandatory nature of a fee award under § 13-17-201. *See Crandall v. City & Cnty. of Denv.*, 238 P.3d 659, 663 (Colo. 2010) (noting that the statute "permit[s] no exception" and stating that "the mandatory language applies to all tort actions, regardless of whether they are brought in good faith").

Weidner's remaining arguments—challenging the district court's calculation of the award—are also unavailing. He seeks to rely on the length of various pleadings filed by Doe's counsel as well as his own counsel's unsupported

6

evaluations of what work was necessary (or unnecessary) for the state-law claims. But as Doe points out, "the number of pages of briefing is a poor indicator of the time and labor involved [in drafting a pleading]." Aplee. Br. at 24. Further, Weidner's counsel's evaluation blithely ignores the time it takes to assess, prepare, research, and draft a pleading. Accordingly, Weidner fails to show that the district court's fee award was arbitrary, capricious, whimsical, or manifestly unreasonable.

## II.    Request for Appellate Attorney's Fees

Doe requests we award her fees under § 13-17-201 for this appeal. Weidner replies, without citation, that § 13-17-201 does not apply here, and that Doe must rely on Federal Rule of Appellate Procedure 38 (if anything). But § 13-17-201 applies in federal cases just as it would apply in state cases, *see Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), and Weidner fails to show that Colorado does not extend it to appeals.

Nevertheless, we decline Doe's request. She seeks fees for defending a fee award, or "fees on fees." In such a situation, the Colorado Court of Appeals has held a party is entitled to fees only if the defense to the fee request "lacks substantial justification," *Foxley v. Foxley*, 939 P.2d 455, 460 (Colo. App. 1996), or "is substantially frivolous, substantially groundless, or substantially vexatious," *Monell v. Cherokee River, Inc.*, 347 P.3d 1179, 1184 (Colo. App. 2015). Doe does not show that Weidner's arguments meet this standard.

7

## CONCLUSION

We affirm the judgment, but we deny Doe's request for appellate attorney's fees.

Entered for the Court

Nancy L. Moritz
Circuit Judge