25CA1046 Jefferson v Colo Dept of Healthcare 02-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1046
City and County of Denver District Court No. 24CV778
Honorable Jon J. Olafson, Judge

Demetrius Lamont Jefferson,

Plaintiff-Appellant,

v.

Colorado Department of Healthcare Policy and Financing,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE SCHOCK
Grove and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

---

Demetrius Lamont Jefferson, Pro Se

Philip J. Weiser, Attorney General, Joan E. Smith, Senior Assistant Attorney General, Joshua Woolf, Assistant Attorney General, Denver, Colorado, for Defendant-Appellee

¶ 1      Plaintiff, Demetrius Lamont Jefferson, appeals the dismissal of his complaint against defendant, the Colorado Department of Health Care Policy and Financing (HCPF), for failure to exhaust administrative remedies. We affirm the judgment.

## I. Background

¶ 2      Jefferson owns Deetransportationco, LLC, which previously provided nonemergent medical transportation to Colorado Medicaid recipients under a provider agreement with HCPF.

¶ 3      From February to April 2024, Jefferson submitted several claims for payment to HCPF, which HCPF did not pay. The remittance statements denying the claims were dated between March 8 and April 26, 2024. Each included the following notice regarding Jefferson's right to appeal:

> If all means of achieving satisfactory claim resolution through the fiscal agent, including reconsideration, have been exhausted, providers may file a written appeal with the Office of Administrative Courts . . . . Appeals submitted to the Office of Administrative Courts must be received within 30 days from the mailing date of the last notice of adverse action.

¶ 4      On May 8, 2024, HCPF notified Jefferson that it was terminating his provider agreement, effective immediately. Two

1

days later, Jefferson filed an administrative appeal of the termination. His appeal did not mention the unpaid claims.

¶ 5 In July 2024, Jefferson attempted to raise the unpaid claims in that appeal. An attorney in the Attorney General's Office told Jefferson that the appeal was limited to the termination of his provider agreement and that the deadline to appeal the denial of his claims had expired. On July 24, Jefferson filed an appeal of the denied claims anyway.[1] The record does not reveal a resolution of that appeal, but in October 2024, the state attorney reiterated that Jefferson's "appeal rights as to all denied claims have expired."

¶ 6 Jefferson then sued HCPF for the unpaid claims, asserting that he had not been reimbursed for services he provided and requesting immediate payment of all amounts owed.

¶ 7 HCPF moved to dismiss the complaint, arguing, among other things, that Jefferson had failed to exhaust his administrative remedies before seeking judicial review.

---

[1] Neither the parties nor the district court addressed this attempted appeal, which was stamped as received and attached to Jefferson's response to HCPF's motion to dismiss.

¶ 8    The district court agreed with HCPF and dismissed the complaint.  The court noted that Jefferson had "initiated some type of administrative process in May [2024]," but it concluded that there was no record of any final agency action.  The court also found that no exception to the exhaustion requirement applied.

## II.    Failure to Exhaust Administrative Remedies

¶ 9    In his opening brief, Jefferson does not address the only basis for the district court's dismissal — the failure to exhaust administrative remedies.[2]  We could affirm the order on that ground alone.  *See People v. Archer*, 2022 COA 71, ¶ 42 (explaining that we must conclude a district court's ruling was correct when the appellant does not challenge the court's ground for its ruling).

¶ 10    In his reply brief, Jefferson asserts that his administrative remedies were "inadequate or futile" because the appeal process did not provide him with a meaningful remedy.  We do not ordinarily consider arguments raised for the first time in a reply brief.  *See*

---

[2] In his statement of facts, Jefferson says he "attempted to resolve the dispute administratively, but those efforts failed."  But he does not develop that assertion, factually or legally.  *See Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12 (declining to consider undeveloped arguments), *aff'd*, 2021 CO 56.

3

*Sandra K. Morrison Tr. v. Bd. of Cnty. Comm'rs*, 2020 COA 74, ¶ 30. It also is not clear that Jefferson preserved this argument in the district court. *See Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C.*, 2012 CO 61, ¶ 18 ("[I]ssues not raised in or decided by a lower court will not be addressed for the first time on appeal.").

¶ 11 Nevertheless, because the district court addressed the futility exception to exhaustion of administrative remedies, and because we broadly construe Jefferson's arguments in the district court and on appeal, we will consider this issue. *See Jones v. Williams*, 2019 CO 61, ¶ 5 ("Pleadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer.").

### A. Applicable Law and Standard of Review

¶ 12 The doctrine of administrative exhaustion requires a party to pursue available administrative remedies before seeking judicial review. *Thomas v. Fed. Deposit Ins. Corp.*, 255 P.3d 1073, 1077 (Colo. 2011). If a party does not exhaust their administrative remedies, the district court does not have jurisdiction over the case. *State v. Golden's Concrete Co.*, 962 P.2d 919, 923 (Colo. 1998).

¶ 13    The doctrine is subject to limited exceptions, including futility. *Thomas*, 255 P.3d at 1077.  Under the futility exception, a party need not exhaust administrative remedies when "it is 'clear beyond a reasonable doubt' that further administrative review by the agency would be futile because the agency will not provide the relief requested."  *Golden's Concrete*, 962 P.2d at 923 (citation omitted).

¶ 14    We apply a mixed standard of review to the dismissal of a complaint for failure to exhaust administrative remedies.  *Egle v. City & County of Denver*, 93 P.3d 609, 611 (Colo. App. 2004).  We review the district court's factual findings for clear error and its legal conclusions de novo.  *Id.*  The plaintiff bears the burden of proving either exhaustion or the applicability of an exception.  *Id.*

### B.    Analysis

¶ 15    Jefferson does not challenge the district court's conclusion that he failed to exhaust his available administrative remedies with respect to his unpaid claims.  And the record contains no indication that he did.  *See* Dep't of Health Care Pol'y & Fin. Reg. 8.049.01, 10 Code Colo. Regs. 2505-10 (requiring provider to first submit adjustment requests through "routine fiscal agent operations" and

then file "written reconsideration"); *id.* at Regs. 8.049.02, 8.050.3.A (requiring appeal of adverse decision to be filed within thirty days).

¶ 16 Jefferson argues only that exhaustion would have been futile because "[HCPF's] process provided no meaningful remedy." But he does not say why that is so. HCPF has authority to reconsider compensation for denied claims. *See* § 25.5-4-401, C.R.S. 2025; Dep't of Health Care Pol'y & Fin. Reg. 8.049, 10 Code Colo. Regs. 2505-10. And when it improperly denies a claim, the provider may appeal that decision to the Office of Administrative Courts. *See* Dep't of Health Care Pol'y & Fin. Regs. 8.049.02, 8.050, 10 Code Colo. Regs. 2505-10; § 24-4-105, C.R.S. 2025. Jefferson does not explain why such an appeal would not have allowed him to recover any payments to which he was entitled. *See City & County of Denver v. United Air Lines, Inc.*, 8 P.3d 1206, 1215 (Colo. 2000). He does not, for example, assert (much less prove) that HCPF categorically "refuses to reconsider its decisions." *Id.* at 1213.

¶ 17 Instead, he simply notes that he did not receive his requested relief. But that is at least in part because he did not timely avail himself of these procedures — a conclusion that, again, he does not

contest.  A party's failure to receive a remedy they do not properly pursue does not show the procedures are futile.  *See id.* at 1215.

¶ 18    Thus, because Jefferson did not show beyond a reasonable doubt that the available administrative remedies were futile, the district court correctly dismissed his complaint for failure to exhaust those remedies.[3]  *See Golden's Concrete*, 962 P.2d at 923.

### III.   Other Contentions

¶ 19    Jefferson raises other issues regarding the merits of his claims, the inapplicability of sovereign immunity, and his damages.  Because we conclude that the district court correctly dismissed Jefferson's complaint for failure to exhaust administrative remedies, we do not address his other contentions.  *See Liberty Bankers Life Ins. Co. v. First Citizens Bank & Tr. Co.*, 2014 COA 151, ¶ 28.

### IV.   Disposition

¶ 20    The judgment is affirmed.

---

[3] Jefferson also contends that the *district court* denied him due process by dismissing his claim without a hearing.  But because Jefferson did not exhaust his administrative remedies, the district court lacked jurisdiction over the action.  *State v. Golden's Concrete Co.*, 962 P.2d 919, 923 (Colo. 1998).  In other words, the court *could not* consider the merits of Jefferson's claim.  *See Grant Bros. Ranch, LLC v. Antero Res. Piceance Corp.*, 2016 COA 178, ¶ 35.

JUDGE GROVE and JUDGE YUN concur.