**EMPLOYERS INSURANCE OF WAUSAU, Plaintiff-Appellee,**

v.

**RREEF USA FUND–II (COLORADO), INC., a Colorado corporation, Defendant–Appellant.**

**No. 89CA2019.**

Colorado Court of Appeals,
Div. A.

Jan. 17, 1991.

Breit, Best, Richman and Bosch, P.C., Patricia A. Pritchard, Denver, for plaintiff-appellee.

Dickinson, Everstine, Kelly & Prud'Homme, Richard L. Everstine, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, RREEF USA Fund–II (Colorado), Inc., appeals the order of the trial court denying recovery of attorney fees against plaintiff, Employers Insurance of Wausau. We affirm.

Plaintiff filed this subrogation action in April 1989 to recover the amount it had paid to a third party under a workers' compensation insurance policy. In June 1989, defendant filed an answer in which it asserted the right to mandatory arbitration as an affirmative defense.

In July 1989, defendant provided plaintiff with a written demand for arbitration of plaintiff's claim, and, in August 1989 defendant filed a motion to compel arbitration and a motion to dismiss the complaint for a lack of subject matter jurisdiction. That same month, plaintiff confessed the motions, and defendant thereafter filed a motion for attorney fees.

The trial court granted the motion to dismiss and the motion to compel arbitration and denied defendant's motion for attorney fees.

## I.

On appeal, defendant argues that, since plaintiff's claim was subject to mandatory arbitration, the filing and maintenance of this action was without substantial justification. Defendant therefore contends it was entitled to an award of attorney fees pursuant to § 13–17–102, C.R.S. (1987 Repl.Vol. 6A). We disagree.

Nothing in the record before us indicates plaintiff was aware at the time the complaint was filed that defendant's insurance carrier was a party to an arbitration agreement, or that defendant would invoke its right to mandatory arbitration. Also, given the short lapse of time between defendant's demand for arbitration and plaintiff's confession of the motion to compel arbitration, plaintiff cannot be said to have "maintained" this action without substantial justification. *Cf. Charles Milne Associates v. Toponce*, 770 P.2d 1313 (Colo.App. 1988); *Meyer v. Landmark Universal, Inc.*, 692 P.2d 1129 (Colo.App.1984). Accordingly, we conclude the trial court did not abuse its discretion in refusing to award attorney fees under § 13–17–102. *See Montgomery Ward & Co. v. State of Colorado Department of Revenue*, 675 P.2d 318 (Colo.App.1983).

## II.

Defendant next contends it was entitled to an award of attorney fees pursuant to § 13–17–201, C.R.S. (1987 Repl.Vol. 6A). We disagree.

Section 13–17–201 provides as follows: "In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure."

In interpreting a statute, we endeavor to discern the intent of the General Assembly, and if "absurd consequences would result from a literal interpretation of terms and words used [in a statute] ... the intention of the framers will prevail over such a literal interpretation." *People v. Silvola*, 190 Colo. 363, 547 P.2d 1283, *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167

**1188**

(1976); *see* § 2–4–201, C.R.S. (1980 Repl. Vol. 1B) ("In enacting a statute, it is presumed that ... [a] just and reasonable result is intended....").

■ In enacting § 13–17–201, the General Assembly sought to discourage and deter the institution or maintenance of unnecessary litigation concerning tort claims. *See* Tape Recording of Testimony before House Judiciary Committee on House Bill 1304 (March 3, 1987). To this end, the statute requires that defendants be awarded their reasonable attorney fees whenever a tort action is dismissed prior to trial on the basis of a motion under C.R.C.P. 12(b). By its terms, the statute does not apply to all pretrial dismissals, and by implication it allows a plaintiff to avoid liability for a defendant's attorney fees by the simple expedient of seeking a voluntary dismissal of the action under C.R.C.P. 41(a).

■ Here, since defendant had already filed an answer to the complaint, plaintiff could have sought a voluntary dismissal under C.R.C.P. 41(a)(1)(B), by filing a stipulation of dismissal; or under C.R.C.P. 41(a)(2), by requesting an order of dismissal "upon such terms and conditions as the court deems proper." However, instead of proceeding directly under C.R.C.P. 41(a), plaintiff elected voluntarily to consent to dismissal by filing a confession to defendant's C.R.C.P. 12(b) motion.

Although plaintiff's concession served as the functional equivalent of a stipulation for dismissal under C.R.C.P. 41(a)(1)(B), a literal interpretation of § 13–17–201 would nonetheless require the trial court to disregard the practical effect of plaintiff's election and impose sanctions in the form of an award of attorney fees. Such a construction of the statute would, in our view, exalt form over substance without advancing any public policy interest, and would lead to an absurd and illogical result. *See Frey v. Adams County School District*, 804 P.2d 851 (Colo.1991) ("[A]n unbendingly literal reading ... of the Act does not supply the key to legislative intent.")

For this reason, we conclude that the General Assembly did not intend § 13–17–201 to apply to a situation in which, as here, a plaintiff files a confession to a defendant's C.R.C.P. 12(b) motion to dismiss in such a manner that defendant is not required to expend additional efforts beyond the filing of its motion. Accordingly, we hold that the trial court did not err in denying defendant's request for an award of attorney fees pursuant to § 13–17–201.

Judgment affirmed.

STERNBERG, C.J., and NEY, J., concur.