Terri CRANDALL and Joann Hubbard, individually and on behalf of all others similarly situated, Petitioners

v.

The CITY and County OF DENVER, Colorado, d/b/a The Denver International Airport, a Colorado political subdivision, Respondent.

No. 09SC598.

Supreme Court of Colorado,
En Banc.

Sept. 13, 2010.

Fognani & Faught, PLLC, John D. Fognani, Fritz W. Ganz, Tiffany L. Grant, Denver, Colorado, for Petitioners.

Hall & Evans, L.L.C., Chris A. Mattison, Andrew D. Ringel, Andrew J. Carafelli, Denver, Colorado, for Respondent.

Chief Justice MULLARKEY delivered the Opinion of the Court.

## I. Introduction

This is the third in a series of appeals involving a class action lawsuit brought by individuals against the City and County of Denver ("Denver") for harm allegedly caused by environmental contamination in Concourse B of Denver International Airport. The case has now been dismissed for lack of subject matter jurisdiction, and the present dispute concerns the award of costs and attorney fees to Denver pursuant to section 13–17–201, C.R.S. (2009), which awards attorney fees to a defendant after pre-trial dismissal of tort claims pursuant to C.R.C.P. 12(b).

On appeal, the plaintiffs argued that the award was not reduced enough to account for work by Denver's attorneys that would be useful in separate but related litigation between the parties in federal court. On cross-appeal, Denver challenged the district court's conclusion that the award should be reduced at all on this basis. In an unpublished decision, the court of appeals concluded that the district court erred in reducing the award and reversed.

We granted certiorari to review the court of appeals' decision. We hold that section 13–17–201 and its companion statute governing costs, section 13–16–113(2), C.R.S. (2009), are mandatory and do not permit the reduction proposed by the plaintiffs for work that may be useful in companion litigation. We therefore affirm.

## II. Facts and Procedural History

In this personal injury action filed pursuant to the Colorado Governmental Immunity Act (the "CGIA"), the plaintiffs sought damages and injunctive relief against Denver on behalf of themselves and a class of fellow employees, alleging injuries suffered from environmental problems occurring at Concourse B of Denver International Airport.

This is the second time we have reviewed a decision by the court of appeals in this long-running dispute. The first round of appeals addressed the trial court's denial of Denver's motion to dismiss, which was based on several grounds, including lack of subject matter jurisdiction. *See City & County of Denver v. Crandall,* 161 P.3d 627, 629 (Colo.2007) (*"Crandall II"*). Denver appealed, and the court of appeals affirmed. *Crandall v. City & County of Denver,* 143 P.3d 1105, 1110 (Colo.App.2006) (*"Crandall I"*). We reversed on the ground that the plaintiffs had not timely filed a notice of claim within the CGIA's 180–day notice provision, and therefore dismissal was required pursuant to C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction. *Crandall II,* 161 P.3d at 629. We thus remanded with directions to return the case for dismissal of the action. *Id.* at 635.

While the first appeal was still pending, the plaintiffs filed a second, related federal lawsuit against Denver for injunctive relief pursuant to the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. §§ 6901–7000 (2006). *See Crandall v. City & County of Denver,* 594 F.3d 1231 (10th Cir. 2010), *petition for cert. filed,* 79 U.S.L.W. 3062 (U.S. July 12, 2010) (No. 10–84). The Tenth Circuit has just recently affirmed the federal district court's denial of the plaintiffs' request for injunctive relief, thus ending the plaintiffs' RCRA suit against Denver. *Id.*

Following the first appeal and the subsequent dismissal of this state court action with prejudice, the plaintiffs filed a motion for post-judgment relief (1) contending that their claim for injunctive relief was not subject to dismissal and (2) attempting to revive the action by permitting the intervention of a new class member. The trial court ruled against the plaintiffs, leading to an unsuccessful C.A.R. 21 petition and to a second appeal in this case, which the plaintiffs lost, but for which they did not seek certiorari review.

Contemporaneously with the plaintiffs' post-judgment motion, Denver, pursuant to section 13–17–201, sought to recover $162,861.85 in attorney fees incurred in defending the action, bringing the first appeal, and litigating the plaintiffs' post-judgment motions. The City also sought $10,465.86 in costs pursuant to sections 13–16–105 and 13–16–122, C.R.S. (2009), and C.R.C.P. 54(d).

In its order for costs and attorney fees, the district court concluded that Denver was not entitled to recover fees and costs for work product that may be useful in defending against the plaintiffs' federal RCRA action. However, Denver had not separated out these amounts in its presentation of fees and costs and did not provide any alternative figures to those proposed by the plaintiffs. Accordingly, the court adopted in part the plaintiffs' suggestion and reduced the final award by $35,543.50 in attorney fees which were attributed to gathering and reviewing information concerning DIA generally and concerning complaints of environmental problems at Concourse B specifically. The district court thus awarded a final judgment in favor of Denver of $137,784.21. The district court subsequently denied the plaintiffs' motion for post-judgment relief seeking greater reductions in the award on the basis that all of the additional paralegal time and all associated costs also overlapped with the RCRA suit.

The plaintiffs then filed this third appeal challenging the district court's award of fees and costs. Relevant here, the plaintiffs argued that (1) the district court should have reduced the award by the full amount the plaintiffs had proposed and (2) by not accepting the plaintiffs' unrebutted calculations, the district court improperly shifted the burden of proof of reasonable fees and costs to the plaintiffs. Denver cross-appealed, contending that the trial court erred by reducing the award at all based on work useful to the RCRA suit.

The court of appeals affirmed the judgment of the district court to the extent that it awarded fees and costs but reversed it with respect to the reduction in fees. Relevant to our review, the court concluded that the district court erred in subtracting from the award fees for work that would be useful in the RCRA litigation. Because it reached this conclusion, the court of appeals did not reach the second issue presented here of whether the trial court improperly shifted the burden of proof regarding fees to the plaintiffs. The plaintiffs petitioned this court for review, and we granted certiorari.[1]

## III. Standard of Review

Whether a statute mandates an award of costs or attorney fees is a question of statutory interpretation and is thus a question of law we review de novo. *See Smith v. Executive Custom Homes, Inc.,* 230 P.3d 1186, 1189 (Colo.2010); *Adams v. Farmers Ins. Group,* 983 P.2d 797, 801 (Colo. 1999) (reviewing de novo the construction of an attorney fee statute). However, we review the reasonableness of the amount of such awards for abuse of discretion. *See Spring Creek Ranchers Ass'n v. McNichols,* 165 P.3d 244, 246 (Colo.2007) (addressing mandatory attorney fees under section 13–17–102(4), C.R.S. (2006), for which section 13–17–103, C.R.S. (2006), grants the court discretion in determining reasonableness); *Catlin v. Tormey Bewley Corp.,* 219 P.3d 407, 415 (Colo.App.2009) (addressing mandatory costs under section 13–17–202, C.R.S. (2008)).

## IV. Analysis

### A. Attorney Fees and Costs for Work That May Be Useful in Other Litigation

The plaintiffs ask this court to hold that an award of attorney fees and costs to a defendant under section 13–17–201 should be reduced to exclude all attorney fees and costs incurred by the defendant for work that may also be useful in companion or overlapping matters. Skipping over any review of the express statutory language, the plaintiffs argue policy and analogize to fee awards granted as a condition of voluntary dismissal under C.R.C.P. 41(a)(2), a context in which courts do reduce awards to exclude work with continuing usefulness.

1. We granted certiorari on two issues:
   (1) Whether under C.R.S. § 13–17–201 attorneys' fees and costs for time spent on work ultimately useful in a companion or overlapping case should be excluded from the award.

(2) Whether the court of appeals erred in shifting to Petitioners the burden of differentiating between recoverable and non-recoverable attorneys' fees and costs.

Denver disagrees with the plaintiffs, arguing that section 13–17–201 cannot be analogized to C.R.C.P. 41(a)(2) because the two provisions serve distinct purposes. Additionally, Denver contends that the express language of section 13–17–201 makes mandatory awards for attorney fees.

Because we hold that section 13–17–201 and its companion cost statute, section 13–16–113(2), mandate awards of attorney fees and costs, we reject the plaintiffs' argument that the trial court must exclude fees and costs for work that may be useful in companion litigation.

■■■ To review properly the plaintiffs' assertions, we employ the traditional rules of statutory construction in order to ascertain and give effect to the intent of the General Assembly. We must first look to the express statutory language at issue, "giving words and phrases their commonly accepted and understood meaning." *Colo. Dep't of Revenue v. Garner*, 66 P.3d 106, 109 (Colo.2003); *Adams v. Farmers Ins. Group*, 983 P.2d 797, 801 (Colo.1999). If the language is clear and unambiguous, our analysis is at an end. *Smith*, 230 P.3d at 1189. It is only if we find that language ambiguous do we then look beyond the express statutory language for other evidence of legislative intent and purpose, such as legislative history or other rules of statutory construction. *See id.* However, where "a literal interpretation of the statute . . . leads to an absurd result," the intent of the legislature will prevail. *AviComm, Inc. v. Colo. Public Utils. Comm'n*, 955 P.2d 1023, 1031 (Colo.1998).

■ The parties have briefed and argued this case solely with respect to section 13–17–201, which pertains exclusively to attorney fees. However, the relief the plaintiffs seek from this court relates also to the district court's award of costs to Denver. Section 13–16–113(2) addresses costs in the same circumstances in which section 13–17–201 addresses attorney fees. As this case is a tort action dismissed on a C.R.C.P. 12(b)(1) motion and involves disputed awards of both attorney fees and costs, we must look to both sections 13–17–201 and 13–16–113(2).[2] Because the relevant language in both statutes is identical, we conduct one analysis.

■ Sections 13–16–113(2) and 13–17–201 are fee-shifting provisions. While section 13–16–113(2) is not in derogation of the general rule that costs be awarded to the prevailing party, *see* C.R.C.P. 54(d), section 13–17–201 limits the application of the long-established American Rule precluding the award of attorney fees to prevailing litigants, *Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859, 869 (Colo.2004); *see also City of Wheat Ridge v. Cerveny*, 913 P.2d 1110, 1114 (Colo. 1996). We narrowly construe limitations of the American Rule and "should not construe a fee-shifting provision as mandatory unless the directive is specific and clear on that score." *Cerveny*, 913 P.2d at 1114.

These fee-shifting provisions were enacted as part of the General Assembly's substantial tort reform efforts of the mid–1980s. *See* John G. Salmon, *1988 Update on Colorado Tort Reform Legislation–Part I*, 17 Colo. Law. 1719, 1719 (1988). The provisions provide for awards of costs and attorney fees to defendants in tort actions dismissed pre-trial pursuant to a C.R.C.P. 12(b) motion. *See id.*; Ch. 100, 1987 Colo. Sess. Laws 547–48. Specifically, subsection (2) of section 13–16–113 addresses costs:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed prior to trial under rule 12(b) of the Colorado rules of civil procedure, the defendant shall have

**2.** In its Bill of Costs submitted to the district court, Denver cited section 13–16–105, C.R.S. (2009), and C.R.C.P. 54(d) as requiring an award of costs. We note that section 13–16–107, C.R.S. (2009), also mandates an award of costs to the prevailing party when judgment is entered upon a motion to dismiss. While there is an abundance of apparently applicable provisions mandating costs to a defendant in circumstances such as we have here, section 13–16–113(2) is uniquely and narrowly directed at tort actions. It is also the more recently enacted of the above-mentioned statutes. We therefore review the award of costs in this case under section 13–16–113(2). *See People v. Weller*, 679 P.2d 1077, 1082 (Colo.1984) (specific statute prevails over more general legislation); *Pub. Emps.' Ret. Ass'n v. Greene*, 195 Colo. 575, 577, 580 P.2d 385, 387 (1978) (where two statutes conflict, the later in time controls to the extent of the inconsistency).

judgment for his costs. This subsection (2) shall not apply if a motion under rule 12(b)(5) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

See Ch. 100, sec. 1, § 13–16–113(2), 1987 Colo. Sess. Laws 548. And, section 13–17–201 in the then-newly created part 17 of title 13 addresses attorney fees:

In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

See Ch. 100, sec. 2, § 13–17–201, 1987 Colo. Sess. Laws 547–48. For the purposes of this case, these two provisions govern costs and attorney fees in an identical manner. That is, the "defendant shall have judgment" for costs and reasonable attorney fees. §§ 13–16–113(2), 13–17–201, C.R.S. (2009).

Except for a circumstance not present here, sections 13–16–113(2) and 13–17–201 unequivocally mandate an award of costs and attorney fees to a defendant when it prevails on a pre-trial C.R.C.P. 12(b) motion to dismiss. Correspondingly, this court and the court of appeals have without exception treated and described this statutory language as mandatory. See, e.g., Krystkowiak, 90 P.3d at 869 (section 13–17–201 "requires" award of attorney fees in the prescribed circumstances; the statute defines "the cases in which a trial court must award attorney fees"); State v. Golden's Concrete Co., 962 P.2d 919, 923 n. 10 (Colo.1998) (same—"mandatory"); Id. at 925 (same—"requires"; "regardless of whether the action was brought in good faith"); Smith v. Town of Snowmass Vill., 919 P.2d 868, 873 (Colo.App.1996) (same—"mandatory"); Emp'rs Ins. of Wau-

sau v. RREEF USA Fund–II (Colo.), Inc., 805 P.2d 1186, 1188 (Colo.App.1991) (same—"requires").

The statutory language contains no words that suggest anything other than a mandatory award. Compare Cerveny, 913 P.2d at 1114 (holding that the fee-shifting phrase "[s]uccessful plaintiffs are allowed costs and reasonable attorney fees" plainly and unambiguously does not mandate an award) with Cerveny, 913 P.2d at 1120–22 (Lohr, J., dissenting) (arguing that "are allowed" plainly and obviously does mandate an award). Thus, the language "leaves nothing to the discretion of the trial court except to determine what is a reasonable fee." Keeton v. Rike, 38 Colo.App. 505, 559 P.2d 262, 263 (1977) (interpreting a statute that provided that the judgment "shall include a reasonable attorney fee").

By their terms, the two statutes permit no exception. As Colorado courts have recognized with respect to section 13–17–201, the mandatory language applies to all tort actions, regardless of whether they are brought in good faith, and regardless of whether they raise questions of first impression. Golden's, 962 P.2d at 925–26 (good faith); Hewitt v. Rice, 119 P.3d 541, 546 (Colo.App.2004) (questions of first impression), aff'd on other grounds, 154 P.3d 408 (Colo.2007); Houdek v. Mobil Oil Corp., 879 P.2d 417, 424 (Colo. App.1994) (all tort actions; good faith). This includes CGIA actions dismissed pursuant to a C.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Smith, 919 P.2d at 873 (so holding because Trinity Broadcasting of Denver, Inc. v. City of Westminster, 848 P.2d 916, 924 (Colo.1993), held that immunity issues under the CGIA are properly reviewed under C.R.C.P. 12(b) and not as summary judgment motions).

Accordingly, we cannot read into these statutes an exception that would reduce an award because certain of the work accounted for may be useful in companion litigation. In contrast to the mandatory nature of the award here, the rule and cases that the plaintiffs rely upon involve discretionary awards ordered as a condition of voluntary dismissal under C.R.C.P. 41(a)(2). See Haystack Ranch, LLC v. Fazzio, 997 P.2d 548 (Colo.

2000); *Am. Water Dev. Inc. v. City of Alamosa*, 874 P.2d 352, 381–82 (Colo.1994).

Because the mandates of sections 13–17–201 and 13–16–113(2) are clear and unambiguous, we need not invoke additional methods of statutory review to discern the intent of the General Assembly in requiring an award of fees and costs. Nevertheless, our conclusion is bolstered by the legislative history.

Colorado appellate courts have twice reviewed the legislative intent as portrayed by the legislative history of sections 13–16–113(2) and 13–17–201. We have previously concluded that "the legislature intended to award attorney fees in a narrow category of baseless tort cases, namely those cases that were so lacking in substance that they could not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Krystkowiak*, 90 P.3d at 869 (citing *Hearing on H.B. 1304 Before the H. Comm. on Judiciary*, 56th Gen. Assemb., 1st Reg. Sess. (Mar. 3, 1987) [hereinafter *Hearing* ] (statement of Rep. Dambman)). In a frequently cited opinion, a division of the court of appeals concluded from reviewing the same hearing that "the General Assembly sought to discourage and deter the institution or maintenance of unnecessary litigation concerning tort claims." *Emp'rs Ins. of Wausau*, 805 P.2d at 1188.

The plaintiffs argue that because the statutes are intended to have a deterrent effect, they are compensatory and not punitive, and therefore, as with voluntary dismissals under C.R.C.P. 41(a)(2), a court should not award fees and costs for work that will be useful in continuing litigation. This argument lacks logic. First, if the stated policy is to deter unwanted behavior, it follows that the award of costs and fees is designed to have a punitive effect. Contrast this with C.R.C.P. 41(a)(2), which is concerned with a remedy for the defendant rather than punishment for the plaintiff and so logically requires reduction in the award only for work rendered useless by the voluntary dismissal. *Haystack Ranch*, 997 P.2d at 556. If anything, recognizing that sections 13–16–113(2) and 13–17–201 are to have a deterrent effect supports rather than contradicts a conclusion that they require without exception awards

of fees and costs. Moreover, to the extent that the legislature's reason—whether punishment or compensation—for awarding fees and costs would assist our present inquiry, the relevant committee hearing is of little assistance because some remarks suggest a punitive purpose, some suggest a compensatory purpose, while still others could be viewed in either light. *See generally Hearing, supra.*

Although previous observations in the case law regarding legislative intent do not concretely answer whether the legislature specifically sought to make the awards mandatory, additional statements made during the committee hearing do. Responding to some concerns with the word "shall" in the statutory language, bill sponsor Representative Dambman stated that "fooling" with "shall" and making the language discretionary seemed to her "out of the spirit of the intent of the legislation." *Id.* A co-sponsor similarly stated that his intent in signing on as a co-sponsor was because the plaintiff should *"have to pay* the defendant's attorneys fees" in the case where a plaintiff cannot survive a motion to dismiss at that early stage of the litigation. *Id.* (statement of Rep. Berry) (emphasis added). These statements unequivocally express an intent to require awards of costs and attorney fees under the prescribed circumstances.

We note that one division of the court of appeals has permitted an exception to the absolute nature of section 13–17–201, but it did so on the basis that application of the rule in that case led to an absurd result in light of the statute's purpose. In *Employer's Insurance of Wausau*, the plaintiff confessed the defendant's motion to dismiss in the same month the motion was filed, thus effecting the functional equivalent of a stipulation for dismissal under C.R.C.P. 41(a)(1)(B). 805 P.2d at 1187–88. In reviewing the trial court's denial of attorney fees, the court of appeals observed that the General Assembly sought to deter unnecessary tort litigation in enacting section 13–17–201 and that the section by implication allows a plaintiff to avoid liability for a defendant's attorney fees by seeking a C.R.C.P. 41(a) voluntary dismissal. *Id.* at 1188. The court of appeals thus con-

cluded that it would lead to an absurd result to literally interpret section 13–17–201 to require the plaintiff to pay the defendant's fees in the instance where the plaintiff's action effectively served as a voluntary dismissal and did not require the defendant to expend additional efforts beyond filing the motion. *Id.*

That case, even if correctly decided, involved the unique circumstance—non-existent here—in which the plaintiff promptly confessed the motion to dismiss, preventing additional defense expenditures. *See Smith,* 919 P.2d at 874 (distinguishing *Employers Insurance of Wausau* on the circumstances and requiring award of attorney fees). Additionally, we cannot say here that a mandatory award of fees and costs inclusive of work that may be useful in companion litigation leads to an absurd result where the legislative history reveals an intent to mandate such awards for deterrent effect. *Cf. id.* at 873 (before distinguishing the facts of *Employers Insurance of Wausau,* concluding that "while the consequences may be harsh, ... an award of attorney fees [under section 13–17–201] is mandatory" and that "[w]hile we recognize the appeal of the Smiths' arguments, ... their arguments are more appropriately made to the General Assembly").

In sum, the express statutory language of sections 13–16–113(2) and 13–17–201 mandate awards of costs and attorney fees to the defendant in the event that a plaintiff's tort action is dismissed pre-trial on a C.R.C.P. 12(b) motion to dismiss, and the unambiguous nature of this mandate is supported by the legislative history. Accordingly, we cannot read into the statutes the exception the plaintiffs urge.

It is important to note that the plaintiffs' arguments in favor of reducing fees and costs based on work useful in other litigation is not a question of the reasonableness of those fees and costs. As the plaintiffs have emphasized in this case, they "have never argued that Denver's request for attorneys' fees was the product of unreasonable billing rates or inflated hours."

## B. Burden of Proof in Establishing Recoverable Attorney Fees and Costs

Because we hold that sections 13–16–113(2) and 13–17–201 mandate without exception awards of costs and attorney fees, we need not address the second issue of who bears the burden of proof were an exception to exist.

## V. Conclusion

Sections 13–16–113(2) and 13–17–201 require a trial court to award a defendant costs and attorney fees in a tort action dismissed before trial pursuant to a C.R.C.P. 12(b) motion to dismiss. As a result, a trial court may not reduce the award on the basis that certain of the costs and fees are for work that may also be useful in continuing litigation. Accordingly, we affirm.