2014 COA 91

**Josue CASTRO, Plaintiff–Appellant,**

v.

**Jonathan LINTZ, Defendant–Appellee.**

**Court of Appeals No. 13CA1797**

Colorado Court of Appeals,
Div. A.

Announced July 17, 2014

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2013.

Law Office of Luke J. Danielson, P.C., Luke J. Danielson, Sarah C. Coleman, Andrew R. Richmond, Gunnison, Colorado, for Plaintiff–Appellant.

Law of the Rockies, Rufus O. Wilderson, Gunnison, Colorado, for Defendant–Appellee.

Opinion by CHIEF JUDGE LOEB

¶ 1 Plaintiff, Josue Castro, appeals the district court's order awarding attorney fees under section 13–17–201, C.R.S.2013, to defendant Jonathan Lintz.  We reverse.

## I. Background and Procedural History

¶ 2 Although the only issue on appeal concerns the court's attorney fee order, this case has a complex and protracted procedural history, much of which is pertinent to the attorney fee issue. Accordingly, we first summarize that background and history.

¶ 3 In 2010, Castro was employed by Lintz Construction, Inc. (Lintz Construction). He was injured during the course of his employment when he fell from the roof of a building while shoveling snow. Castro filed a workers' compensation claim against both Lintz Construction and Lintz. His claims against Lintz were premised on arguments that Lintz was his actual employer and, alternatively, that he was entitled to pierce the corporate veil. After an administrative hearing, the administrative law judge (ALJ) found, as pertinent here, that (1) Castro suffered compensable injuries during the course and scope of his employment with Lintz Construction; (2) Castro met his burden in proving, by a preponderance of the evidence, that he was entitled to temporary total disability (TTD) benefits from December 24, 2010, until terminated by statute; (3) Castro did not work for Lintz personally; and (4) because Castro did not adequately endorse the corporate veil issue for hearing or discuss that issue at the hearing, the ALJ would not consider the issue of whether Castro could pierce Lintz Construction's corporate veil to reach Lintz, who was the corporation's sole officer, director, and shareholder.

¶ 4 When Lintz Construction failed to comply with the ALJ's order to pay Castro benefits in the amount of $4536.76, Castro successfully obtained an award of penalties in the amount of $35.00 per day for each day in which the award for benefits remained unpaid.

¶ 5 Castro then filed two civil actions simultaneously in district court. In the first action, number 12CV94, Castro filed a complaint alleging negligence, violations of the Premises Liability Act, and negligent hiring, against Lintz Construction and Lintz, among others.[1] Castro then added a claim against Lintz for piercing the corporate veil. Lintz moved to dismiss the complaint with prejudice on the grounds of issue and claim preclusion, and Castro voluntarily moved to dismiss the case without prejudice, citing tactical reasons and stating that he wished to pursue his claims in the second filed civil action, number 12CV95. Accordingly, the district court dismissed Castro's piercing the corporate veil claim without prejudice and dismissed "all claims otherwise asserted or which could have been asserted against [Lintz] personally in this proceeding" with prejudice.

¶ 6 Castro commenced number 12CV95 by submitting a certified copy of the award of benefits in the workers' compensation action, pursuant to section 8-43-408(3), C.R.S.2013, and requesting that judgment be entered against Lintz Construction for those benefits.[2]

¶ 7 Castro then took the C.R.C.P. 69 deposition of Lintz, in which it was confirmed that Lintz Construction did not carry workers' compensation insurance and that the company did not have any assets to pay the award of benefits and penalties to Castro. Accordingly, Castro then filed an amended complaint in number 12CV95, in which he asserted three claims for relief.

¶ 8 The first claim for relief was asserted only against Lintz Construction and was essentially just a contention that the awards of benefits and penalties constituted a judgment against the company, which the company had "wholly failed to pay." The second and third claims for relief, asserted against Lintz individually, were alleged as claims for piercing the corporate veil and breach of duty to Castro, as a creditor of Lintz Construction, under sections 7-106-401 and 7-108-403, C.R.S.2013. Each of those claims sought judgment against Lintz in the amount of the workers' compensation awards.

---

1. We note that we do not have a copy of this complaint in the record. However, the procedural facts regarding number 12CV94 appear to be undisputed.

2. Castro subsequently submitted the award for penalties against Lintz Construction so that judgment could be entered on those amounts as well.

¶ 9 Lintz moved to dismiss the claims for failure to state a claim. Castro responded to the motion to dismiss and filed a cross-motion for summary judgment on his piercing the corporate veil claim. In a written order, the district court granted Lintz's motion to dismiss the claims against him on the ground that the claims were barred by the doctrine of claim preclusion; the court also denied Castro's cross-motion for summary judgment as moot.[3]

¶ 10 Lintz then filed a motion for an award of reasonable attorney fees and costs pursuant to sections 13–17–102 and 13–17–201, C.R.S.2013. The district court denied Lintz's motion under section 13–17–102, finding that Lintz was not entitled to attorney fees on the ground that Castro's claim lacked substantial justification. However, the district court granted Lintz's motion for attorney fees under section 13–17–201, concluding that "such an award is compulsory pursuant to [section] 13–17–201." On appeal, Castro contends the district court erred as a matter of law in awarding Lintz attorney fees under section 13–17–201. We agree.[4]

## II. Standard of Review and Applicable Law

¶ 11 Whether a statute mandates an award of costs or attorney fees is a question of statutory interpretation and, thus, a question of law we review de novo. *Crandall v. City & Cnty. of Denver*, 238 P.3d 659, 661 (Colo.2010); *US Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 515 (Colo.App. 2009) (we review de novo any statutory interpretation or legal conclusion that provides a basis for a fee award).

¶ 12 Section 13–17–201 applies to C.R.C.P. 12(b) dismissals of "all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person ...." § 13–17–201; *see U.S. Fax Law Ctr.*, 205 P.3d at 517. An award of attorney fees under section 13–17–201 is mandatory when a trial court dismiss-

es a tort action under C.R.C.P. 12(b). *US Fax Law Ctr.*, 205 P.3d at 517.

¶ 13 Section 13–17–201 limits the application of the long-established American Rule precluding the award of attorney fees to prevailing litigants. "We narrowly construe limitations of the American Rule and should not construe a fee-shifting provision as mandatory unless the directive is specific and clear on that score." *Crandall*, 238 P.3d at 662 (internal quotation marks omitted).

¶ 14 The fee-shifting provision in section 13–17–201 was enacted as part of the General Assembly's substantial tort reform efforts of the mid–1980s. *Id.* In enacting section 13–17–201, the General Assembly sought to discourage and deter the institution or maintenance of unnecessary litigation concerning tort claims. *Emp'rs Ins. of Wausau v. RREEF USA Fund–II (Colo.), Inc.*, 805 P.2d 1186, 1188 (Colo.App.1991).

¶ 15 The statute neither explicitly nor implicitly contemplates the existence of some manner or degree of physical harm to a person or property. *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo.App.1994); *see also Barnett v. Denver Pub. Co.*, 36 P.3d 145, 148 (Colo.App.2001) (applying section 13–17–201 to a defamation case). Furthermore, the statute is applicable to a tort claim which alleges only economic injury. *See Houdek*, 879 P.2d at 424.

¶ 16 In determining whether section 13–17–201 applies, the district court should focus on the manner in which claims are pleaded. *Crow v. Penrose–St. Francis Healthcare Sys.*, 262 P.3d 991, 997 (Colo.App. 2011); *see also Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1010 (Colo.2008) (the controlling issue is how the plaintiff has characterized the claim in the complaint); *Coats v. Dish Network, L.L.C.*, 2013 COA 62, ¶ 27, 303 P.3d 147, 153 (*cert. granted on other grounds* Jan. 27, 2014). For purposes of applying the statute, we rely on the plaintiff's characterization of the claims in the com-

---

3. Castro did not appeal the court's dismissal order, and that order is not at issue in this appeal.

4. Only Lintz's entitlement to fees under section 13–17–201, C.R.S.2013, is at issue in this appeal. The reasonableness of the fees awarded by the district court is not contested by Castro and is not at issue in this appeal.

plaint and do not consider what should or might have been pleaded. *Kennedy v. King Soopers Inc.*, 148 P.3d 385, 388 (Colo.App. 2006). When a plaintiff has pleaded both tort and non-tort claims, a court must determine, as a matter of law, whether the essence of the action was one in tort, in order to ascertain if section 13–17–201 applies. *See Crow*, 262 P.3d at 997; *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 607 (Colo.App. 2008).

### III. Analysis

¶ 17 Castro contends that the district court erred in awarding Lintz attorney fees under section 13–17–201. We agree.

¶ 18 In reaching this conclusion, we must decide whether Castro's action was the type of tort action the General Assembly intended to be encompassed under section 13–17–201. *See Emp'rs Ins.*, 805 P.2d at 1188. We do this by focusing on the manner in which Castro pleaded his claims. *See Dubray*, 192 P.3d at 607. Thus, we first consider Castro's claim for disregarding the corporate form (piercing the corporate veil) and conclude that claim is not a tort claim that the General Assembly contemplated to be encompassed by section 13–17–201. We then consider Castro's claim for breach of duty to creditor and conclude that claim, at least on its face, does allege a tort. Finally, we analyze the essence of Castro's action, and, as detailed below, we conclude that Castro's action is not one sounding in tort and that, as a matter of law, the district court erred in awarding Lintz his attorney fees under section 13–17–201.

¶ 19 Initially, we note that the first claim for relief in the amended complaint is simply an assertion that the filing by Castro of the workers' compensation orders for benefits and penalties against Lintz Construction had the effect of a judgment in the district court, subject to execution, as in any other civil action. *See* § 8–43–408(3). We agree with Castro, and Lintz does not argue otherwise, that this claim is not a tort claim to which section 13–17–201 applies, but is simply a mechanism for Castro to enforce his judgment against Lintz Construction. *See Ontario Mining Co. v. Indus. Comm'n*, 86

Colo. 206, 213, 280 P. 483, 485 (1929); *see also* § 8–40–102(1), C.R.S.2013 ("It is the intent of the general assembly that the 'Workers' Compensation Act of Colorado' be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to injured workers at a reasonable cost to employers, without the necessity of any litigation, recognizing that the workers' compensation system in Colorado is based on a mutual renunciation of common law rights and defenses by employers and employees alike.").

¶ 20 Thus, in determining whether Castro's action was one essentially sounding in tort, we consider his second and third claims for relief, piercing the corporate veil and breach of duty to creditor, respectively.

### A. Piercing the Corporate Veil

¶ 21 Castro contends that his second claim for relief, seeking to pierce the corporate veil, is not a separate and independent tort claim for relief, but rather, is simply a procedural mechanism to enforce his underlying judgment against Lintz Construction. Lintz contends that, because Castro's claim to pierce the corporate veil was brought as a result of Castro's injuries suffered in his workplace accident, it is thus "occasioned by the tort of another." We agree with Castro.

¶ 22 Although Castro's physical injury, which occurred in the course of his employment with Lintz, was the catalyst for his workers' compensation action and all of the subsequent proceedings, we reject Lintz's contention that Castro's physical injury was "occasioned by the tort" of Lintz Construction. To the contrary, Castro's claim for workers' compensation was not based on any tort but was his exclusive remedy for employment-related injuries, irrespective of fault. *See Frohlick Crane Serv., Inc. v. Mack*, 182 Colo. 34, 38, 510 P.2d 891, 893 (1973).

¶ 23 In that regard, Castro's claim for piercing the corporate veil is not the kind of tort claim that the General Assembly intended to be encompassed within section 13–17–201. Rather, that claim merely seeks recovery for nonpayment of an existing judgment,

not for any tortious conduct by Lintz Construction that caused Castro's injury and led to the award of worker's compensation benefits. *See Swinerton Builders v. Nassi,* 2012 COA 17, ¶ 13, 272 P.3d 1174, 1177 (agreeing with numerous courts that "an action to pierce the corporate veil is not a separate and independent cause of action, but rather is merely a procedure to enforce an underlying judgment"); *Emp'rs Ins.,* 805 P.2d at 1188 ("In enacting [section] 13–17–201, the General Assembly sought to discourage and deter the institution or maintenance of unnecessary litigation concerning tort claims.").

¶ 24 Thus, we conclude that Castro's claim to pierce the corporate veil was not "occasioned by the tort of another," *see Emp'rs Ins.,* 805 P.2d at 1187, because through this claim, Castro only asserted an enforcement action to recover the money he had already been awarded in the workers' compensation claim.

## B. Castro's Claim of Breach of Duty to Creditor

¶ 25 Castro contends that his third claim for relief, breach of duty to creditor under sections 7–106–401 and 7–108–403, was, like the piercing the corporate veil claim, simply a mechanism for collecting a judgment. We conclude that, at least facially, this claim does allege a tort and could be considered to fall within the scope of section 13–17–201. *See e.g., State v. Moldovan,* 842 P.2d 220, 225 (Colo.1992) (holding that breach of a statutory duty was a tort); *Lyons v. Nasby,* 770 P.2d 1250, 1252, 1255 (Colo.1989) (same).

¶ 26 In the third claim for relief, Castro alleged that Lintz's "improper distributions and improper self-dealing," in violation of sections 7–106–401(3) and 7–108–403, C.R.S. 2013, rendered Lintz Construction insolvent and unable to satisfy the debts it owed to Castro, and that he was, therefore, damaged by the inability to collect on his judgment against Lintz Construction.[5]

¶ 27 The primary purpose of tort law is to compensate plaintiffs for injuries wrongfully suffered at the hands of others. *Coats,* 303 P.3d at 154. Furthermore, it is well settled that section 13–17–201 encompasses economic tort claims and is not limited solely to claims for physical injuries. *See Houdek,* 879 P.2d at 424.

¶ 28 Here, Castro's third claim for relief alleged that Lintz committed a tort by breaching statutory duties that caused Castro economic injuries. Indeed, Castro's claim was essentially analogous to the common law tort of breach of fiduciary duty because Castro contended that Lintz, as a corporate insider, made improper distributions to himself. *See Coats,* 303 P.3d at 153 (using the comparison of a statutory claim and a tort to determine whether the mandatory attorney fees provision under section 13–17–201 applied). Moreover, it is uncontested that breach of fiduciary duty is a tort. *Resolution Trust Corp. v. Heiserman,* 898 P.2d 1049, 1056 (Colo.1995). Accordingly, we conclude that, at least on its face, Castro's third claim for relief alleged a tort that the General Assembly could have intended to fall within section 13–17–201.

## C. The Essence of Castro's Action

¶ 29 Because we have concluded that Castro's piercing the corporate veil claim was not a tort but that his statutory breach of duty to creditor claim was a tort, we must now decide whether the essence of the entire action was primarily a tort action such that mandatory fees could properly be awarded under section 13–17–201. *See U.S. Fax Law Ctr.,* 205 P.3d at 517–18 (stating that when a complaint contains a mix of tort and non-tort claims, fees may be awarded under section 13–17–201 if the action is primarily a tort action).

¶ 30 We conclude that the essence of Castro's action did not sound in tort. In looking at Castro's claim for breach of duty to creditor, Castro only sought to recover the benefits he was awarded in the workers' compensation action against Lintz Construction, plus

---

5. We need not address the merits of this breach of duty claim. On appeal, we simply consider how Castro pleaded his claims to determine whether they sound in tort—not whether the claims are meritorious.

costs and penalties that Lintz Corporation owed Castro for not paying the workers' compensation benefits award. This was the same remedy he sought by his piercing the corporate veil claim. Castro did not claim additional tort damages. *See Coats,* 303 P.3d at 154 (analyzing the different compensation schemes in the statutory claim and the tort claim); *but see Crow,* 262 P.3d at 997 (holding that because the plaintiff "chose to include ... tort claims to obtain relief beyond what was available solely under a breach of contract theory," the district court did not err in determining that section 13–17–201 applied).

¶ 31 As noted, Castro's breach of duty to creditor claim did not seek to obtain relief beyond the workers' compensation benefits and penalties he had already been awarded against Lintz Construction. In that regard, the language in Castro's prayer for relief in the amended complaint is telling:

> WHEREFORE Plaintiff, as it continues to seek payment of the judgment by Lintz Construction, Inc., further requests that this Court enter its order:
>
> A. Determining that Defendant Jonathan Lintz is jointly and severally liable with the corporation to pay this obligation to Plaintiff, and that judgment should enter against Defendant Jonathan Lintz;
>
> B. Entering judgment against Jonathan Lintz in the amount of the Workers Compensation award;
>
> C. Determining that any assets of Defendant Jonathan Lintz are available for levy, attachment or other remedy by Plaintiff, consistent with any exemptions or restrictions in law;

¶ 32 Thus, we reject Lintz's argument on appeal that Castro's "clear object" was to obtain relief beyond what was available by attempting to collect upon his judgment against Lintz Construction from Lintz. *Cf. Crow,* 262 P.3d at 997.

¶ 33 We conclude that the essence of Castro's action against Lintz was not one sounding in tort, because the overall thrust and purpose of his claims—even the one claim arguably sounding in tort—was to collect on the workers' compensation awards and judgment he had already obtained against Lintz Construction, and not to obtain additional tort remedies. Nor do we perceive that an award of attorney fees here under section 13–17–201 would further the policy goals of that statute "to discourage and deter the institution or maintenance of unnecessary litigation concerning tort claims." *Emp'rs Ins.,* 805 P.2d at 1188. To the contrary, this matter started out as a workers' compensation action as the exclusive means of obtaining compensation for workplace injuries, and the claims in this case were simply a continuation of Castro's efforts to enforce and collect on the awards he obtained in that workers' compensation proceeding.

¶ 34 Accordingly, we conclude that the essence of Castro's action was not one sounding in tort and that the district court erred as a matter of law in awarding attorney fees to Lintz under section 13–17–201.

### IV. Conclusion

¶ 35 The district court's order awarding Lintz attorney fees under section 13–17–201 is reversed.

JUDGE VOGT * and JUDGE ROY * concur.